UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'ANDRE K. ROGERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D.K. COOPER, et al.,<br><br>　　　　　Defendants. | No. 2: 19-cv-2047 KJN P<br><br><br>ORDER |

Introduction

　　　　Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)

(quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Claims

Named as defendants are D.K. Cooper, D. Espinoza, M. Brown, J. Marks, J. Castanedo and J. Pickett. Plaintiff alleges that he was improperly validated as a gang member.

In particular, plaintiff alleges that defendant Marks walked to plaintiff's cell door and handed plaintiff some paperwork through the door. Defendant Marks walked out without saying anything. Plaintiff tried to call defendant Marks back after plaintiff saw that the paperwork contained his gang validation.

Plaintiff alleges that defendant Brown violated his right to speech. Plaintiff alleges that defendant Brown cut plaintiff off as plaintiff tried to explain what happened on February 13, 2018. Plaintiff alleges that he was told no matter what, he was getting validated today.

Plaintiff alleges that defendant Cooper violated his due process rights because defendant Cooper was right there when defendant Marks gave plaintiff his gang validation paperwork. Plaintiff alleges that it still took defendant Cooper over a week to call plaintiff in to give him his gang validation package so that plaintiff could know what he needed to do.

Plaintiff alleges that defendant Espinoza was the "CC2(A)" at the time plaintiff was called to program about his 602. Plaintiff alleges that his rights were violated because plaintiff was told that staff at High Desert State Prison ("HDSP") do not play with 602s, so plaintiff needed to withdraw the 602 and take HDSP out of it. Plaintiff was told that the only way he could get the validation off him was to go to a sensitive needs yard ("SNY").

Plaintiff alleges that defendant Castanedo violated plaintiff's rights because if the IGI, i.e., Institutional Gang Investigators, would have done their job, they would have known that plaintiff did not have any gang behavior since 1999 until 2002 until now. Plaintiff alleges that they would have looked at the issue that took place at California State Prison-Los Angeles ("LAC") on

3

February 13, 2018, and known that the CDCR disciplinary act against plaintiff was dismissed.

Plaintiff alleges that defendant Pickett violated his rights at the committee because plaintiff was cut off from explaining what happened on February 13, 2018. Plaintiff alleges that defendant Pickett had the power to say "let him talk" and also to say to the IGIs that they needed to investigate plaintiff at HDSP, and not just go off the documents that came from LAC.

Discussion

*Legal Standards*

The Due Process Clause protects inmates against the deprivation of liberty without the procedural protections to which they are entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To state a potentially colorable due process claim, plaintiff must identify the interest at stake. Id. at 221. If a protected interest is identified, the inquiry then turns to what process is due. Id. at 224.

The validation of prison gang members and gang affiliates is an administrative measure rather than a disciplinary measure, and as a result, prisoners are entitled only to minimal procedural protections of adequate notice and an opportunity to present their views prior to gang validation. Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003).

Evaluation of a prisoner's due process challenge to his gang validation and related housing first requires identification of the "prison official [who] was the critical decisionmaker," and a determination whether the prisoner "had an opportunity to present his views to that official." Castro v. Terhune, 712 F.3d 1304, 1308 (9th Cir. 2013); see also Castro v. Terhune, 29 Fed. App'x 463, 465 (9th Cir. 2002) ("due process ... require[s] ... a meaningful opportunity to present his views to the critical decisionmakers."); Castro v. Terhune, 237 Fed. App'x 153, 155 (9th Cir. 2007) (explaining the necessity of identifying "actual decisionmaker" as compared to an official acting as an "assistant" or "rubber stamp").

In addition, due process requires that a prison's determination to validate a prisoner as a gang associate be supported by "some evidence," which is a "minimally stringent" standard. Castro v. Terhune, 712 F.3d at 1314. "Some evidence" means "any evidence in the record that could support the conclusion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). This standard

4

"does not require evidence that logically precludes any conclusion but the one reached." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 457 (1985).

*Analysis*

Plaintiff appears to allege that he was validated as a gang member without a meaningful opportunity to present his views to the critical decisionmaker and that the decision validating him as a gang member was not supported by some evidence.

As discussed above, the proper defendant in a case alleging denial of due process in the gang validation process is the critical decisionmaker. Based on the allegations in the complaint, it is clear that defendants Marks, Cooper and Espinoza were not the critical decisionmaker.

Plaintiff alleges that defendant Brown cut plaintiff off as he tried to explain the February 13, 2018 incident, on which plaintiff's gang validation was apparently based. Plaintiff alleges that defendant Pickett had the power to let plaintiff talk at his committee hearing and to tell the IGIs to investigate plaintiff before validating him. Plaintiff suggests that defendant Castenedo also failed to investigate his claims. It is unclear to the undersigned whether either defendant Brown, defendant Pickett or defendant Castenedo were the critical decisionmaker who made the decision to validate plaintiff as a gang member.

Because plaintiff has not clearly identified the critical decisionmaker who validated plaintiff as a gang member, plaintiff's due process claims are dismissed with leave to amend. If plaintiff files an amended complaint identifying the critical decisionmaker, plaintiff shall also describe in more detail how his due process rights were violated. In particular, plaintiff must describe how he was denied his right to meaningfully present his views to the critical decisionmaker. Plaintiff shall also describe why the decision validating him as a gang member was not supported by some evidence. Plaintiff shall explain why the critical decisionmaker should not have relied on the February 13, 2018 incident to validate plaintiff as a gang member. Finally, plaintiff must clearly allege the consequences of his gang validation, i.e., for example, placement in segregated housing.

////

////

5

<u>Conclusion</u>

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. <u>See</u>, <u>e.g.</u>, <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo</u>, 423 U.S. at 371; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Ramirez v. County of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached

Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 25, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Roger2047.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'ANDRE K. ROGERS,<br><br>        Plaintiff,<br><br>   v.<br><br>D.K. COOPER, et al.,<br><br>        Defendant. | No. 2: 19-cv-2047 KJN P<br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____ Amended Complaint

DATED:

_____
Plaintiff